**SANGER SWYSEN & DUNKLE**
Attorneys at Law
Catherine J. Swysen, SBN 171929
Miguel A. Avila, SBN 319498
222 East Carrillo Street, Ste. 300
Santa Barbara, California 93101
Telephone: (805) 962-4887
Facsimile: (805) 963-7311
rmsteam@sangerswysen.com

Attorneys for Plaintiff,
Rhonda Trujillo

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RHONDA TRUJILLO, Individually and as Successor in Interest of Decedent ISAIAH JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, WELL PATH, NITA NADA, MD, ALICE BARR, RN, ANTHONY DIAZ, RN, HENRICA HOFFMAN, LMFT, MARIE GENEVIA, RN, LAURYN LESOVSKY, RN, MARIA TONGOL, RN, SANDRA WEITZL, RN, THE COUNTY OF SANTA BARBARA, SHERIFF BILL BROWN, DEPUTY MOORE, DEPUTY PAPPAS, DEPUTY NORRIS, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 5:20-cv-02131<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. 42 U.S.C. § 1983 - Violation of Civil Rights**<br><br>**2. 42 U.S.C. § 1983 - Interference with Familial Relationships**<br><br>**3.42 U.S.C. § 1988, Violation of Civil Rights, Policy, Custom and Practice**<br><br>**4. Violation of California Government Code § 845.6**<br><br>**5. Negligence**<br><br>**6. Negligence**<br><br>**7. Wrongful Death**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Rhonda Trujillo, individually and as successor in interest of Decedent Isaiah Johnson alleges as follows:

**JURISDICTION**

1. This is an action for monetary damages brought under 42 U.S.C. §1983 and

§1988 and California tort law principles against California Forensic Medical Group, Well Path and their employees and against the County of Santa Barbara and the custody personnel of its subordinate agency, the Santa Barbara County Sheriff's Department.

2. Federal jurisdiction is invoked upon the existence of a federal question pursuant to 28 U.S.C. §1331 and the District Court's original jurisdiction over matters alleging violations of civil right pursuant to 28 U.S.C. §1343(a)(3). Supplemental jurisdiction over the state law claims is invoked pursuant to 28 U.S.C. §1367.

3. Venue in this district and division is proper under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e), because the events giving rise to the claims asserted herein occurred in the County of Santa Barbara, within the Central District of California.

4. Plaintiff filed a timely government tort claim with the County of Santa Barbara which claim was rejected.

5. Plaintiff served a notice of intent to sue pursuant to California Code of Civil Procedure section 364 on California Forensic Medical Group, Well Path and their employees.

**PARTIES**

6. Plaintiff RHONDA TRUJILLO ('PLAINTIFF') is the mother of Decedent ISAIAH JOHNSON and a resident of the State of Nevada. She brings these claims individually and as successor in interest of ISAIAH JOHNSON. PLAINTIFF has executed under penalty of perjury the declaration required by California Code of Civil Procedure section 377.32 which is filed herein as Exhibit A to the Complaint.

7. PLAINTIFF is informed and believes and, on that basis alleges, that Defendants CALIFORNIA FORENSIC MEDICAL GROUP and WELL PATH (collectively CFMG) are corporations licensed to do business in California. CFMG provides medical and mental health care to inmates and detainees at the Santa Barbara County Jail ("Jail"). PLAINTIFF is also informed and believes and, on the basis, alleges that CFMG and their employees are responsible for making and enforcing policies,

procedures, and training related to the medical and mental health care of inmates and detainees at the Jail.

8. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant NITA NADA, MD, ("NADA") was at all times mentioned herein a physician licensed to practice medicine in the State of California and was an employee and/or agent of Defendant CFMG.

9. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant ALICE BARR, RN, ("BARR") was at all times mentioned herein a Registered Nurse licenced to practice in the State of California and was an employee and/or agent of Defendant CFMG.

10. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant ANTHONY DIAZ, RN,("DIAZ") was at all times mentioned herein a Registered Nurse licenced to practice in the State of California and was an employee and/or agent of Defendant CFMG.

11. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant, HENRICA HOFFMAN, LMFT, ("HOFFMAN") was at all times mentioned herein a Licensed Marriage and Family Therapist licensed to practice in the State of California and was an employee and/or agent of Defendant CFMG.

12. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant is informed and believes and, on that basis, alleges that Defendant MARIE GENEVIA, RN, ("GENEVIA") was at all times mentioned herein a Registered Nurse licenced to practice in the State of California and was an employee and/or agent of Defendant CFMG.

13. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant LAURYN LESOVSKY, RN, ("LESOVKY") was at all times mentioned herein a Registered Nurse licenced to practice in the State of California and was an employee and/or agent of Defendant CFMG.

14. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant

MARIA TONGOL, RN, ("TONGOL") was at all times mentioned herein a Registered Nurse licenced to practice in the State of California and was an employee and/or agent of Defendant CFMG.

15. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant, SANDRA WEITZL, RN, ("WEITZL") was at all times mentioned herein a Registered Nurse licenced to practice in the State of California and was an employee and/or agent of Defendant CFMG.

16. Defendant COUNTY OF SANTA BARBARA ("COUNTY") is a legal entity duly established under the laws of the State of California with all the powers specified and necessarily implied by the Constitution and the laws of the State of California. The Santa Barbara County Sheriff's Department ("SBCoSD") is a subordinate agency of Defendant COUNTY.

17. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant Deputy MOORE is an individual and, at all times mentioned herein was a duly appointed Deputy with SBCoSB.

18. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant Deputy PAPPAS is an individual and, at all times mentioned herein was a duly appointed Custody Deputy with SBCoSB.

19. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant Deputy NORRIS is an individual and, at all times mentioned herein was a duly appointed Custody Deputy with SBCoSB.

20. PLAINTIFF is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 10. PLAINTIFF does not have the reports associated with ISAIAH JOHNSON's suicide and, therefore, is unable to identify the individuals responsible for his death. Therefore, PLAINTIFF sues these defendant by such fictitious names and will amend her complaint to allege their true names and capacities when ascertained. PLAINTIFF is informed and believes and, on that basis, alleges that each DOE Defendant was an employee and/or agent of Defendant COUNTY

and/or Defendant CFMG. PLAINTIFF is informed and believes that each DOE Defendant was negligently, wrongfully, or otherwise responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth herein. Further, one of more DOE Defendants was at all times mentioned herein responsible for the hiring, training, supervision and discipline of other Defendants, including Doe Defendants.

21. PLAINTIFF is informed and believes and, on that basis, alleges that each of the Defendants herein acted under color of law and by virtue of the statutes, customs, ordinances and usages of the State of California, COUNTY and SBCoSD and pursuant to the customs, policies, practices and procedures of Defendant COUNTY, SBCoSD and/or Defendant CFMG.

**GENERAL ALLEGATIONS**

22. PLAINTIFF incorporates by this reference, as if fully set forth herein, the allegations set forth in the preceding paragraphs of this Complaint.

23. Decedent ISAIAH JOHNSON, age 23, was arrested for a felony probation violation on October 19, 2019. He was booked at the Jail on October 20, 2019.

24. On October 31, 2019, ISAIAH JOHNSON committed suicide by hanging himself with the cord of the telephone that was inside his cell. He was the fourth inmate to die in custody at the Jail in 2019, the second one by suicide.

25. At intake, ISAIAH JOHNSON was noted to be suffering from mood disorders, anxiety, and post-traumatic stress disorder. This was not the first time that ISAIAH JOHNSON was booked at the Jail. He had several stay there between 2017 and 2019. A review of his prior booking records would have revealed a history of drug use and suicidal ideations and attempts. An initial mental health assessment was attempted without success. No referral was made to a psychiatrist.

26. ISAIAH JOHNSON was going through drug withdrawal. However, he was not started for treatment at the first mention of withdrawal. He was not scheduled for assessment when medications were refused.

27. Defendants NADA, BARR, DIAZ, HOFFMAN, GENEVIA, LESOVSKY,

TONGOL, WEITZL and DOES 1-10 had some contact with ISAIAH JOHNSON from October 20, 2019 to October 31, 2019 to one extent or another to be fully determined in their professional capacity of health care providers.

28. ISAIAH JOHNSON exhibited outward signs of mental health distress and demonstrated bizarre behavior in the days leading up to his death.

29. ISAIAH JOHNSON was rehoused in a cell that contained a wall phone with a long cord to the receiver. Such a cell was not appropriate for medical and mental health observation.

30. During the last 48 hours of his life, ISAIAH JOHNSON exhibited such severe distress and bizarre behavior that people reached out to th Jail on his behalf to express their concerns about his mental health.

31. On October 29, 2019, when he went to court in Lompoc, ISAIAH JOHNSON was not himself. A fellow inmate described him as "acting crazy", "out of his head." ISAIAH JOHNSON may have had an outburst in court.

32. The fellow inmate related his concerns to ISAIAH JOHNSON's girlfriend who called the Jail. She warned the Jail that ISAIAH JOHNSON was an inmate there and was not doing well mentally. PLAINTIFF is informed and believes and, on that basis, alleges that no action was taken to ensure his safety and well-being.

33. The next day, ISAIAH JOHNSON's brother also called the Jail to warn them that ISAIAH JOHNSON was not doing well at all mentally. PLAINTIFF is informed and believes and, on that basis, alleges that no action was taken to ensure his safety and well-being.

34. All the while, at the Jail, ISAIAH JOHNSON was experiencing acute suicidal ideations which were not addressed. While in his cell he kept shouting that he had to get out, that he could not be there and that he was going to kill himself. He said the same things through the intercom that was in his cell. At some point, he told Jail staff that he did not know how he was going to do it but he was going to kill himself. PLAINTIFF is informed and believes and, on that basis, alleges that no action was

taken to ensure his safety and well-being.

35. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant MOORE, PAPPAS, MORRIS and DOES 1-10 were the Custody Deputies in charge of supervising ISAIAH JOHNSON. PLAINTIFF is informed and believes and, on that basis, alleges Defendant MOORE, PAPPAS, and MORRIS were on duty the morning of his death and responded to his cell in response to the "man down" call. PLAINTIFF is informed and believes and, on that basis, alleges that Defendant MOORE, PAPPA, MORRIS and DOES 1 through 10 did not monitor ISAIAH JOHNSON as required.

36. Neither the COUNTY and its individual defendants, including Defendants MOORE, PAPPAS, MORRIS and DOES 1-10 nor CFMG and its individual defendants, NADA, BARR, DIAZ, HOFFMAN, GENEVIA, LESOVSKY, TONGOL, WEITZL and DOES 1 through 10, did anything to address ISAIAH JOHNSON's mental health issues and expressed suicidal ideations.

37. On October 31, 2019 at approximately 11:17 am, Custody Staff reported a "man down" in cell 113. ISAIAH JOHNSON had committed suicide by wrapping around his neck the cord of the phone that was in his cell and dropping his feet from under his body. He was pronounced dead at 11:50 am.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Violation of Civil Rights against All Defendants for Deliberate Indifference to Serious Medical Needs - 42 U.S.C. §1983, Eighth and Fourteenth Amendment to the United States Constitution

38. PLAINTIFF incorporates by this reference, as if fully set forth herein the allegations set forth in the preceding paragraphs of this Complaint.

39. PLAINTIFF is informed and believes and, on that basis, alleges that by doing the actions described herein Defendants violated ISAIAH JOHNSON's clearly established federal constitutional right under the Eighth and/or Fourteenth

Amendments to the United States Constitution to be free from deliberate indifference to his serious medical needs while in custody.

40. While at the Jail, ISAIAH JOHNSON was under the control and supervision of Defendants for his medical and mental health care.

41. Defendants NADA, BARR, DIAZ, HOFFMAN, GENEVIA, LESOVSKY, TONGOL, WEITZL, and Does 1 through 10 were health care providers employed by CFMG to provide medical and mental health care at the Jail. Defendants MOORE, PAPPAS, MORRIS and DOES 1 through 10 were SBCoSD's Custody Deputies at the Jail. Plaintiff is informed and believes and, on that basis, alleges the Defendants MOORE, PAPPAS and MORRIS were on duty the morning of October 31, 2010 and responsible for supervising and monitoring ISAIAH JOHNSON. As such Defendants were all responsible with providing ISAIAH JOHNSON with medical and mental health care, treatment, proper supervision and safeguard.

42. Among other things, Defendants knew or should have known that ISAIAH JOHNSON was mentally unstable and suicidal, that he required monitoring and safeguarding, that he required medical care, treatment and supervision, that he should not have been left unattended in a cell with a telephone that could be used for hanging, and that he should have been monitored regularly.

43. Defendants, acting under color of law in their individual and personal capacities, were deliberately indifferent to ISAIAH JOHNSON's rights, privileges and immunities protected under the Eighth and/or Fourteenth Amendments to the United State Constitution.

44. As a direct and proximate result of the acts and omissions of Defendants, Decedent ISAIAH JOHNSON suffered serious harm, pain, physical injury and loss of life and general and special damages in an amount to be determined according to proof at trial.

45. PLAINTIFF is informed and believes and, on that basis, alleges that all the defendants subjected ISAIAH JOHNSON to these deprivations of his rights either

maliciously or by acting with reckless disregards for whether his rights would be violated by their action. Therefore, PLAINTIFF is entitled to punitive damages.

**SECOND CLAIM FOR RELIEF**

**Violation of Civil Rights for Interference with Familial Relationship Against All Defendants - 42 U.S.C. §1983, Fourteenth Amendment to the United States Constitution**

46. PLAINTIFF incorporates by this reference, as if fully set forth herein the allegations set forth in the preceding paragraphs of this Complaint.

47. PLAINTIFF has a cognizable interest under the substantive due process clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty or property in such a manner that shock the conscience including, but not limited to, unwarranted state interference in their familial relationship with Decedent ISAIAH JOHNSON.

48. Decedent ISAIAH JOHNSON died as a result of Defendants' deliberate disregard to his medical needs As a result, Defendants interfered with and permanently deprived PLAINTIFF of her constitutional rights to a familial relationship with her son, Decedent ISAIAH JOHNSON.

49. As a direct and proximate result of the foregoing and ISAIAH JOHNSON's death, PLAINTIFF has been deprived of his care, comfort, society, protection, love, companionship, solace, moral and financial support in an amount to be established according to proof at trial.

50. As a further direct and proximate result of ISAIAH JOHNSON's death, PLAINTIFF has incurred reasonable and necessary expenses for his funeral, burial and memorial service in an amount according to proof at trial.

51. PLAINTIFF is informed and believes and, on that basis, alleges that all the defendants subjected ISAIAH JOHNSON and PLAINTIFF to these deprivations of rights either maliciously or by acting with reckless disregards for whether his rights would be violated by their action. Therefore, PLAINTIFF is entitled to punitive

damages.

**THIRD CLAIM FOR RELIEF**

**Violation of Civil Rights against Defendant County, Policy, Custom, or Practice - 42 U.S.C. §1988**

52. PLAINTIFF incorporates by this reference, as if fully set forth herein the allegations set forth in the preceding paragraphs of this Complaint.

53. Defendants engaged in conduct and omissions described herein in violation of 42 U.S.C. §1983 and were deliberately indifferent to ISAIAH JOHNSON's rights under the Eighth and/or Fourteenth Amendments to the United States Constitution.

54. Defendant COUNTY had a duty to employ and follow adequate policies and procedures to ensure that the SBCoSD's Custody Deputies and SBCoSD's contracted medical provider CFMG were properly trained to monitor and safeguard inmates and detainees with mental health issues and suicide risk and that they followed the proper policies and procedures in doing so.

55. Defendant COUNTY also had a duty to provide appropriate, competent and necessary care to inmates and detainees for their serious medical and mental health care, to require, supervise ensure that the proper policies and procedures were followed.

56. Defendant COUNTY failed to do so and were deliberately indifferent to ISAIAH JOHNSON's constitutional rights. The 2018-2019 Santa Barbara Grand Jury examined the death by suicide of an inmate in 1028 and concluded that in that SBCoSD and CFMG did not follow procedures and failed to recognize potentially suicidal. Similarly, with regard to ISAIAH JOHNSON, the 2019-2020 Grand Jury concluded that many of the pertinent health rules, regulations and policies were not followed by the SBCoSD and Well Path.

57. As a direct and proximate result of the acts and omissions of Defendants, Decedent ISAIAH JOHNSON suffered serious harm, pain, physical injury and loss of life and general and special damages in an amount to be determined according to proof

at trial.

**FOURTH CLAIM FOR RELIEF**

**Violation of California Government Code Section 845.6 Against All Defendants**

58. PLAINTIFF incorporates by this reference, as if fully set forth herein the allegations set forth in the preceding paragraphs of this Complaint.

59. Defendants, acting under color of law, knew or had reason to know that decedent ISAIAH JOHNSON was in need of immediate medical care, supervision and safeguarding, that he was suicidal and at risk of injuring himself but failed to take reasonable action to summon such medical care in violation of California Government Code section 845.6.

60. As a direct and proximate result of the acts and omissions of Defendants, Decedent ISAIAH JOHNSON suffered serious harm, pain, physical injury and loss of life and general and special damages in an amount to be determined according to proof at trial.

61. PLAINTIFF is informed and believes and, on that basis, alleges that all the defendants subjected ISAIAH JOHNSON to these deprivations of his rights either maliciously or by acting with reckless disregards for whether his rights would be violated by their action. Therefore, PLAINTIFF is entitled to punitive damages.

**FIFTH CLAIM FOR RELIEF**

**Negligence against Defendants CFMG, Defendants Nada, Barr, Diaz, Hoffman, Genevia, Lesovsky, Tongol, Weitzl and Does 1-10.**

62. PLAINTIFF incorporates by this reference, as if fully set forth herein the allegations set forth in the preceding paragraphs of this Complaint.

63. PLAINTIFF is informed and believes and, on that basis, alleges that Defendants NADA, BARR, DIAZ, HOFFMAN, GENEVIA, LESOVSKY, TONGOL, WEITZL AND DOES 1 through 10 were all involved in ISAIAH JOHNSON's care at some point during his stay at the Jail.

64. At all times mentioned herein, these Defendants negligently failed to possess and exercise, in both diagnosis and treatment, that reasonable degree of knowledge and skill that is ordinarily possessed and exercised by practitioners in the same or similar circumstances, in that, among other things, they failed to recognize that ISAIAH JOHNSON was suicidal and in need of mental health care, failed to provide mental health care in a timely fashion, failed to treat him appropriately all leading to his death.

24. PLAINTIFF is informed and believes and, on that basis, alleges that Defendants NADA, BARR, DIAZ, HOFFMAN, GENEVIA, LESOVSKY, TONGOL, WEITZL AND DOES 1 through 10 were the employees and/or agents of Defendant CFMG and were acting within the course and scope of that employment and/or agency. Defendants CFMG is liable for their negligence under the doctrine of respondeat superior.

65. As a direct and proximate result of the acts and omissions of Defendants, Decedent ISAIAH JOHNSON suffered serious harm, pain, physical injury and loss of life and general and special damages in an amount to be determined according to proof at trial.

**SIXTH CLAIM FOR RELIEF**

**Negligence against Defendants, Moore, Pappas and Morris and Does 1-10**

66. PLAINTIFF incorporates by this reference, as if fully set forth herein the allegations set forth in the preceding paragraphs of this Complaint.

67. Defendants MOORE, PAPPAS, MORRIS and DOES 1 through 10 owed ISAIAH JOHNSON a duty of care, including, without limitation, as a result of the special relationship of detainees and jailers.

68. Defendants knew or should have known that he was mentally unstable and suicidal and that there was a substantial right that he would commit suicide.

69. Defendants breached their duty of care by failing to take reasonable action to prevent ISAIAH JOHNSON from committing suicide, to monitor him or to provide

care and by failing to ensure that Defendant CFMG was following proper policies and procedures.

70. As a direct and proximate result of the acts and omissions of Defendants, Decedent ISAIAH JOHNSON suffered serious harm, pain, physical injury and loss of life and general and special damages in an amount to be determined according to proof at trial.

**SEVENTH CLAIM FOR RELIEF**

**Wrongful Death Against all Defendants**

71. PLAINTIFF incorporates by this reference, as if fully set forth herein the allegations set forth in the preceding paragraphs of this Complaint.

72. PLAINTIFF is ISAIAH JOHNSON's surviving mother. She is bringing the claims stated herein for violation of civil rights, for failure to provide medical care and for negligence against all the defendants in this action and claiming damages from them for the wrongful death of her son.

73. As a direct and proximate result of the Defendants's actions and omissions described in this complaint, ISAIAH JOHNSON was injured and died. Defendants's actions and omissions caused pecuniary and compensable loss by wrongfully taking his life.

74. As a direct and proximate result of the foregoing and ISAIAH JOHNSON's death, PLAINTIFF has been deprived of his care, comfort, society, protection, love, companionship, solace, moral and financial support in an amount to be established according to proof at trial.

75. As a further direct and proximate result of ISAIAH JOHNSON's death, PLAINTIFF has incurred reasonable and necessary expenses for his funeral, burial and memorial service in an amount according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgement against Defendants, and each of them, as follows:

1. For compensatory damages in an amount according to proof against all defendants, jointly and severally;

2. For punitive damages in an amount according to proof against Defendants SBCoSD and CFMG/WellPpath and its employees, jointly and severally, as to the first, second and fourth claims for relief;

3. For an award of reasonable attorneys's fees and costs pursuant to 42 U.S.C. §1988;

4. For such other and further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Proceedure.

Dated: October 12, 2020

SANGER SWYSEN & DUNKLE
Catherine J. Swysen
Miguel A. Avila

By: C Swysen
Catherine J. Swysen,
Attorneys for Plaintiff
Rhonda Trujillo